**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHELLE BURCH,
          Appellant,

      v.

NATIONAL AERONAUTICS AND
    SPACE ADMINISTRATION,
          Agency.

DOCKET NUMBER
AT-0752-18-0053-I-1

DATE: June 30, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shaun Southworth, Esquire, Atlanta, Georgia, for the appellant.

Daniel P. Shaver, Esquire, and Trevor Oktay Tezel, Kennedy Space Center, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1     The agency has filed a petition for review of the initial decision that reversed the appellant's removal due to harmful procedural error. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the initial decision as MODIFIED to reflect the proper analysis for age and disability disparate treatment discrimination claims and VACATE the administrative judge's finding that all performance-based actions against agency employees must be imposed under chapter 43 of Title 5 of the United States Code.

## BACKGROUND

¶2 The appellant worked for the agency as a GS-11 Administrative Specialist. Initial Appeal File (IAF), Tab 1 at 1. On May 19, 2016, the agency proposed her removal under chapter 75 of Title 5 of the United States Code for unacceptable performance during the period of July 17, 2015, through April 30, 2016. IAF, Tab 8 at 99-105. The agency removed the appellant, effective July 7, 2016. *Id.* at 51-62.

¶3 The appellant then filed a Board appeal contesting her removal and raising the affirmative defenses of discrimination based on age, disability, and retaliation for prior equal employment opportunity (EEO) activity. IAF, Tab 1, Tab 23 at 2.[2]

_____

[2] On August 8, 2016, the appellant initiated EEO counseling and alleged that the agency discriminated and retaliated against her when it removed her. IAF, Tab 4 at 49. The appellant filed a formal EEO complaint with the agency on September 27, 2016. *Id.* at 69. The agency had yet to issue a final decision on the appellant's EEO

After holding a hearing, the administrative judge issued an initial decision reversing the appellant's removal, finding that the agency committed two harmful procedural errors. IAF, Tab 29, Initial Decision (ID) at 1-6. The administrative judge first found that the agency failed to follow its own requirement of affording the appellant a performance improvement period before taking an adverse action based on the appellant's unacceptable performance in one or more critical elements of her performance plan. ID at 4-5. Second, the administrative judge determined that agency procedures required all performance-based actions to be taken under chapter 43. *Id.* The administrative judge further found that the appellant did not meet her burden of proving any of her discrimination and retaliation affirmative defenses. ID at 6-12. The administrative judge ordered interim relief. ID at 13.

¶4 Thereafter, the agency filed a petition for review. Petition for Review (PFR) File, Tab 1. The appellant responded in opposition and the agency filed a reply to the appellant's response. PFR File, Tabs 3, 5.[3]

---

complaint at the time that she filed the instant Board appeal on October 25, 2017. IAF, Tab 1 at 6. Because more than 120 days passed after the appellant filed her EEO complaint and the agency had not resolved the matter or issued a final decision, the appellant had the right to appeal the matter directly to the Board. 5 C.F.R. § 1201.154(b)(2).

[3] Despite having received notice in the initial decision, the agency failed to provide a certification of compliance with the interim relief ordered by the administrative judge, as required by 5 C.F.R. § 1201.116(a). ID at 13-14; PFR File, Tab 1. When an agency fails to provide such a certification, the Board has the discretion to dismiss a petition for review. 5 C.F.R § 1201.116(e). On review, the appellant did not seek dismissal of the agency's petition for review for noncompliance with the interim relief order under 5 C.F.R. § 1201.116(d), nor did she mention interim relief in any other context. PFR File, Tab 3. We need not address the agency's failure to provide a certification of compliance with its petition for review, as the denial of its petition through this final order renders moot any dispute concerning the matter. *See Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 8 (2015) (holding that denial of the agency's petition for review rendered moot any issue concerning the agency's compliance with the interim relief order).

## ANALYSIS

<u>The administrative judge correctly concluded that the agency committed a harmful procedural error warranting reversal of the appellant's removal action.</u>

¶5      The Board may not sustain an agency's decision to impose an adverse action if an appellant shows harmful error in the application of the agency's procedures in arriving at that decision. 5 U.S.C. § 7701(c)(2)(A); *Doe v. Department of Justice*, 123 M.S.P.R. 90, ¶ 7 (2015). Harmful error cannot be presumed; an agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Doe*, 123 M.S.P.R. 90, ¶ 7. An appellant bears the burden to prove this affirmative defense by preponderant evidence. *Ronso v. Department of the Navy*, 122 M.S.P.R. 391, ¶ 14 (2015); 5 C.F.R. § 1201.56(b)(2)(i)(C), (c)(1).

¶6      As previously noted, the administrative judge first found that the agency committed harmful error by failing to afford the appellant a performance improvement period before taking an adverse action based on her unacceptable performance in one or more critical elements of her performance plan. ID at 4. The National Aeronautics and Space Administration (NASA) Procedural Requirements (NPR) 3430.1C, NASA Employee Performance and Communication System, Chapter 4, which the agency provided for the record and was in effect at the time of the appellant's removal, states in relevant part:

> 4.9 Performance in one or more critical elements that Fails to Meet Expectations shall be the basis for an action to reassign the employee or initiate an adverse action (e.g., reduction in grade or removal) against the employee, but only after the employee has been given a period of time to improve his/her performance. The minimum Performance Improvement Period (PIP) is 30 calendar days.

IAF, Tab 8 at 17. Chapter 5 of the same procedural requirements states:

> 5.13.1.1 When it is determined that an employee's performance Fails to Meet Expectations in one or more critical elements, management must take corrective action to improve the employee's performance. The employee must be placed on a Performance Improvement Plan

(PIP) and given a reasonable opportunity (a minimum of 30 days) to demonstrate acceptable performance. If after a reasonable opportunity period to improve, an employee fails to raise performance in a critical element to an acceptable level, then action must be taken to remove the employee from that position (5 C.F.R. [part] 432) (refer to NPR 3432.1, Performance Based Reduction in Grade or Removal Actions).

*Id.* at 25-26.

¶7     In this case, it remains undisputed that the agency did not afford the appellant any performance improvement period before initiating the process to remove her for unacceptable performance under chapter 75. Many of the instances of unacceptable performance cited as the basis for the appellant's removal relate to her performance under Critical Elements 1, 2, and 3 of her performance plan. IAF, Tab 7 at 15-36, Tab 8 at 52-58, 99-103. As the agency points out on review, an employee subject to a performance-based action under chapter 75 has no statutory right to a performance improvement period. PFR File, Tab 1 at 12; *see Madison v. Defense Logistics Agency*, 48 M.S.P.R. 234, 239 (1991). Notwithstanding, an agency is still required to follow its internal regulations and procedures, even if it affords an employee greater protections than required under statute. *See Dwyer v. U.S. Postal Service*, 32 M.S.P.R. 181, 185 (1987) (stating that the Board will enforce employee rights derived from the agency rules, regulations, procedures and negotiated collective bargaining agreements). Despite the agency's claims on review that its procedural requirements only apply to actions taken under chapter 43, there is no such restriction outlined in the NPR or any other evidence in the record to support this proposition.[4] IAF, Tab 8 at 17, 25-26; PFR File Tab 1 at 8-11, Tab 5 at 8-11. We

---

[4] While the NPR does cite to 5 C.F.R. part 432, there is nothing to contradict the clear language in the relevant portions of the NPR that require the agency to provide an employee with a performance improvement period before taking any adverse action based on the employee's unacceptable performance in one or more critical elements of her performance plan, regardless if the action is taken under chapter 43 or 75. IAF, Tab 8 at 17, 25-26.

reiterate that the relevant portions of the NPR state that it applies before an agency initiates an "adverse action." IAF, Tab 8 at 17. Chapter 75 is titled "Adverse Actions" and this term is synonymous with actions taken under this chapter. 5 U.S.C. chapter 75; 5 C.F.R. part 752. Therefore, the agency committed a procedural error by failing to follow its own requirement of affording the appellant a performance improvement period of at least 30 calendar days before taking this performance-based action.

¶8    Such error was harmful to the appellant, as it is more likely than not that the agency's failure to follow its procedures led to a different result on the appellant's removal than it would have had the agency abided by its requirements. The administrative judge found that the appellant credibly testified at the hearing that she did not have any notice that her job was in jeopardy prior to receiving the proposal to remove. Hearing Compact Disc (HCD) (testimony of the appellant); ID at 6 n.3. The appellant had approximately 25 years of Government service at the time of her removal, with no notable performance issues. IAF, Tab 1 at 1. The evidence of record supports the appellant's testimony, as she received an "accomplished" performance rating in 2015 and her mid-year progress review in 2016 did not outline any issues with her performance that needed to be corrected under the threat of administrative action. IAF, Tab 7 at 4, 12-14, Tab 21 at 131-132. Had the agency provided a performance improvement period as required by its own procedures, it would have likely provided the appellant with clear detail on what was expected of her, the possible consequences if her performance did not improve, and supervisory assistance and engagement that she seemingly did not receive prior to her proposed removal. HCD (testimony of the appellant). We find that it is more likely than not that, had the appellant been given an opportunity to improve her performance, she would have done so.

¶9    Accordingly, the administrative judge correctly found that the appellant proved by preponderant evidence that the agency committed a harmful procedural error, warranting reversal of her removal. *See Canary v. U.S. Postal Service*,

119 M.S.P.R. 310, ¶ 12 (2013) (holding that the agency's harmful procedural error required reversal of the contested action). We need not consider the agency's arguments on review pertaining to the merits of the appellant's removal action. PFR File, Tab 1 at 13-26; *see Marchese v. Department of the Navy*, 32 M.S.P.R. 461, 463 (1987) (finding that, after determining that the agency committed a harmful procedural error, the merits of the appeal were rendered moot).

¶10　　　The administrative judge also found that the agency committed a second harmful procedural error when it removed the appellant for unacceptable performance under chapter 75. ID at 4. Upon review, we find that it was not proven by preponderant evidence that the agency's procedural requirements mandate that all performance-based actions be taken under chapter 43. Thus, we vacate this finding.

While the administrative judge properly concluded that the appellant failed to prove the discrimination and EEO retaliation affirmative defenses, the initial decision is modified to clarify the correct standard for analyzing her age and disability disparate treatment discrimination claims.

¶11　　　In her appeal, the appellant raised the affirmative defenses of discrimination based on her age, disability, and retaliation for prior EEO activity. IAF, Tab 1 at 6, Tab 23 at 2.[5] The administrative judge held in the initial decision that the appellant failed to meet her burden of proving any of these affirmative defenses by preponderant evidence.[6] ID at 6-12; *see* 5 C.F.R.

---

[5] The appellant's theories of disability discrimination consisted of the agency failing to provide her with a reasonable accommodation and treating her disparately based on her disability. HCD (testimony of the appellant).

[6] In her initial appeal and prehearing submission, the appellant raised the affirmative defense of retaliation for requesting a reasonable accommodation. IAF, Tab 1 at 6, Tab 22 at 4. The administrative judge did not include this as an issue for adjudication in the prehearing conference summary nor did he render findings on the claim in the initial decision. IAF, Tab 23 at 2; ID at 6-12. The appellant did not object to the administrative judge not including this as an issue to be determined at hearing nor does she mention it on review. PFR File, Tab 3. After applying the factors outlined in

§ 1201.56(b)(2)(i)(C).     On review, neither party contests these findings. PFR File, Tabs 1, 3, 5.

¶12     While we agree with the overall conclusion reached by the administrative judge on these affirmative defenses, we modify the analysis of the age and disability disparate treatment discrimination claims.     In the initial decision, the administrative judge appropriately evaluated the evidence regarding both of these claims under the framework set forth *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).     ID at 7, 77; *see Pridgen v. Office of Management and Budget*, 2022 MSPR 31, ¶ 25.     However, the Board explained in *Pridgen* that a Federal employee proves age and disability disparate treatment discrimination by establishing that the prohibited considerations of age and disability were motivating factors in the challenged action.     2022 MSPB 31, ¶¶ 20-22, 40.     If an appellant makes such a showing, she may be entitled to injunctive and other "forward-looking relief."     *Id.*, ¶ 22.     To obtain the full measure of relief available, including status quo ante relief and compensatory damages, however, an appellant asserting age or disability discrimination must show that such considerations were a but-for cause of the employment outcome.     *Id.*, ¶¶ 22, 40 (citing *Babb v. Wilkie*, 140 S. Ct. 1168, 1171, 1177-78 (2020)).

¶13     Because the factual record is fully developed on the appellant's age and disability disparate treatment discrimination claims, there is no need for a remand for further adjudication.     Regarding the appellant's age discrimination claim, the administrative judge observed that the appellant offered no testimony or evidence proving that management officials were aware of her age, and thus, properly found that she failed to prove by preponderant evidence that the removal action was motivated by animus based on age.     ID at 8.     We agree that the appellant failed to meet the motivating factor standard in this regard.     Concerning the

---

*Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 18, we find that the appellant effectively abandoned this affirmative defense and that a remand for consideration of the claim is, therefore, unnecessary, *see id.*, ¶ 28.

appellant's disability disparate treatment discrimination claim, the appellant has not set forth any evidence showing that her disability played a part in the agency's decision to remove her. Therefore, we find that the appellant failed to prove that her disability was a motivating factor in the removal action. Because the appellant has failed to meet the lower causation standard of motivating factor for her age and disability disparate treatment discrimination claims, we need not determine whether she proved by preponderant evidence that these prohibited considerations were but-for causes of the agency action. *See Pridgen*, 2022 MSPB 31, ¶ 48 (acknowledging that the motivating factor standard is a lower standard of causation than the but-for causation standard).

## ORDER

¶14    We ORDER the agency to cancel the removal action and to retroactively restore the appellant, effective July 7, 2016. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶15    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, as appropriate, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶16    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶17    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶18    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for

                                           Jennifer Everling
                                           Acting Clerk of the Board
Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.